UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIGHT DATA, LTD., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., and INSTAGRAM, LLC, <br><br> Defendants. | C.A. No.: 23-cv-00073-GBW |

### BRIGHT DATA'S MOTION TO UNSEAL ITS COMPLAINT

Bright Data seeks an order unsealing the Complaint in its entirety.[1] Bright Data filed its Complaint under seal *solely* to afford Meta an opportunity to consent (or not) to the public filing of allegations referencing Meta's use of Bright Data's proxy and scraping services, which was subject to a contractual confidentiality clause. While Meta has not consented to the public filing of the Complaint in full (a redacted public version has already been filed), Meta itself made public the very information that Bright Data filed under seal. Because nothing in the Complaint meets the standards for sealing, it should be unsealed in full.[2]

---

[1] This motion is made without waiver of Bright Data's right to seek remand.

[2] The redacted Complaint has already been filed in this Court. D.I. 1-1. Bright Data echoes, and/or consents to, Meta's previous offer to file the unredacted version of the Complaint under seal "upon request," see D.I. 1, at 2 n.1, if needed to consider this motion.

Unless otherwise noted, all emphasis added and internal citations and quotation marks omitted.

1

A. *Procedural Background.*

On November 29, 2022, Meta sent a cease-and-desist email to Bright Data, requesting that Bright Data cease collecting public information within 48 hours. Bright Data disagreed with Meta's interpretation of its rights, and on December 4th, provided Meta with a draft of the Declaratory Judgment action that was eventually filed under seal in Delaware Superior Court.

Before filing on January 6, 2023, Bright Data requested that Meta waive confidentiality over the information at issue. Because Meta did not respond by the parties' agreed-upon deadline for the filing (through no fault of either party), Bright Data filed the Complaint under seal.

On the same day that Bright Data filed its Complaint, Meta filed its own Complaint in the Northern District of California.[3] In doing so, Meta attached a portion of the parties' prior correspondence. As relevant here, Exhibit 11 to Meta's complaint states that ***"Meta has long been a valued client of our proxy and scraping services for at least the last six years."*** Ex. 1.

---

[3] Bright Data has not been served in that case and believes that the California court lacks personal jurisdiction over some or all of the claims at issue in that case, including the claims at issue here. *Meta Platforms, Inc. v. Bright Data Ltd.*, 23-cv-00077-AGT (N.D. Cal. Jan. 6, 2023).



In light of this disclosure, the redacted information in Bright Data's Complaint is no longer confidential.[4] So, after Meta made this disclosure, Bright Data asked Meta if it would oppose a motion to unseal. Ex. 2. In response, Meta did not "consent" to the motion, but did not say that it intended to oppose the motion either. Ex. 3. This motion followed.

B.  **Sealing is Unwarranted.**

A party seeking to maintain a judicial filing under seal must show that the information is competitively sensitive. The "principle that the public holds a common law right of access to judicial proceedings and judicial records is firmly accepted in this circuit." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659 (3d Cir. 1991). Because the "presumption" is "openness of judicial

---

[4] There are slight differences in wording between what appears in Exhibit 11 to Meta's Complaint, and the sealed portion of Bright Data's Complaint. But the substance is the same. Bright Data does not believe that Meta can rely on those differences to show that it would suffer significant commercial harm if Complaint was unsealed in its entirety.

3

proceedings", it is not enough to show that the information has not previously been made public. *See Peters v. Univ. of Pittsburgh*, 2019 WL 109402, at *3 (W.D. Pa. 2019) (sealing requires a showing "that disclosure will work a clearly defined and serious injury to the party seeking closure") (collecting cases); *In re Cendant Corp.*, 260 F.3d 183, 196 (3d Cir. 2001) (party seeking "continued sealing must … show … competitive harm" from disclosure).

Bright Data, of course, recognizes that certain information is generally deserving of confidentiality, including, to the extent relevant, the names of *third-party* customers that use the parties' respective services. But that information is not at issue here. And even if it were, the Court must still weigh a party's need for confidentiality against the other party's and the public's interest in unfettered access to judicially-filed documents.

Here, the balance tips in favor of full disclosure of the Complaint. Courts regularly find that a confidentiality provision is not by itself enough to overcome the presumption of public proceedings. *See, e.g.*, *Portal Instruments, Inc. v. Leo Pharma A/S*, 2022 WL 17830719, *2 (S.D.N.Y. 2022) ("[T]he fact that parties to a contract deem that contract confidential does not, in and of itself, rebut a presumption of public access."). Here, Meta has not identified any business harm, let alone serious competitive harm, that would result from unsealing.

Nor can Meta meet its burden where, as here, the information has already been made public.  That Meta already disclosed in a public filing in a different jurisdiction that it "has long been a valued client of our proxy and scraping services for at least the last six years" prevents any claim of serious competitive harm from the public filing of that same fact in this jurisdiction.  Ex. 1; *see Del. Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (no sealing where the information is "already in the public record."); *Dasaro v. County of Monmouth*, 832 F. App'x 788, 791 n.4 (3d Cir. 2020) (same); *Stechert v. Travelers Home & Marine Ins. Co.*, 2021 U.S. Dist. LEXIS 218071, at *29-30 (E.D. Pa. 2021) ("Because Exhibit E only contains information that is already publicly disseminated, the parties are not permitted to continue sealing the document.").

Even if the information was not already public, the public's interest in full access to the Complaint is particularly strong here.  This case is all about public data: whether the public has the right to search public information, or whether Meta can use the courts as a tool to eviscerate that right, *even where Meta does not own the data at issue and has no property rights in it*.  If Bright Data loses this case, the losers are not just Bright Data but the public, whose rights are being taken away.  They should see the Complaint before their rights are effectively stripped from them.

Bright Data too has its own interest in having the Complaint on the public record.  The information in the Complaint forms the basis, at least in part, of a

5

number of Bright Data's declaratory judgment claims, including laches and unclean hands. As such, Bright Data expects to highlight these facts in future dispositive motions and other filed papers. Bright Data would prefer that it not have to file separate sealing motions, or to seek Meta's consent to a public filing, every time it does so. Nor should such a central part of the case be hidden under seal absent compelling reasons, and Meta has provided none. *See Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 564 (W.D. Pa. 2014) ("A higher standard and a heavier burden comes into play once the materials are submitted for an adjudication on the merits.").[5]

### C.  *Conclusion*

For these reasons, Bright Data respectfully requests that the Court unseal the Complaint in full.

---

[5] Giving Meta a veto over what Bright Data can publicly file – even when the information comes from Bright Data's own files and is not subject to any protective order – creates unnecessary administrative burden. This is not an imaginary concern. Just last week, Meta complained that Bright Data filed a redacted, public version of the Complaint, as required by the Local Rules, even though (i) all references to Meta's use of Bright Data's "proxy and scraping service" had been redacted, and (ii) Meta failed to identify any allegation that should have been further redacted. *See* Exs. 4, 5. The unsealing of the Complaint in full will help avoid these issues in the future.

Dated:  January 31, 2023

Respectfully submitted,

/s/ *David E. Wilks*
David E. Wilks (Del. Bar No.  2793)
D. Charles Vavala (Del. Bar No. 6098)
WILKS LAW LLC
4250 Lancaster Pike Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Email: dwilks@wilks.law
Email: cvavala@wilks.law

Colin R. Kass*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6890
ckass@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Bright Data, Ltd*.
**pro hac vice*